UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-81120-BLOOM

DENISE PAYNE,

    Plaintiff,

v.

GULFSTREAM GOODWILL INDUSTRIES, INC.,
d/b/a Goodwill Boutique & Donation Center,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS[1]

    This cause is before the Court upon Defendant Gulfstream Goodwill Industries, Inc.'s Motion to Dismiss Complaint, ECF No. [7], filed on September 10, 2015 (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised as to the premises. For the reasons that follow, the Motion is granted. The Complaint, ECF No. [1], shall be dismissed without prejudice and Plaintiff Denise Payne shall be provided an opportunity to amend.

### I. BACKGROUND

    Plaintiff Denise Payne ("Payne") commenced this action on her own behalf and on behalf of all other similarly-situated, mobility-impaired individuals to remedy Defendant Gulfstream Goodwill Industries, Inc.'s purported violations of the Americans with Disabilities Act, 42

---

[1] Plaintiff Denise Payne's Response in Opposition to Defendant's Motion to Dismiss, ECF No. [9], was filed on October 5, 2015. Pursuant to S.D. Fla. L.R. 7.1(c), a reply thereto was required on or before October 15, 2015. Thus, on October 16, 2015, when no reply memorandum was filed, the Motion became ripe for adjudication.

U.S.C. § 12181 *et seq.* (the "ADA"). *See generally* Complaint, ECF No. [1]. Defendant Gulfstream Goodwill Industries, Inc. d/b/a Goodwill Boutique & Donation Center ("Defendant") owns and operates a business located at 4224 Northlake Boulevard, Palm Beach Gardens, Florida (the "Subject Property"). *See id.* at ¶ 2. Payne, a resident of Pompano Beach, Florida, qualifies as an individual with disabilities as defined by the ADA as she has cerebral palsy and uses a wheelchair to ambulate. *Id.* at ¶ 5. At some unspecified time, Payne, "as a tester of ADA compliance," visited the Subject Property to avail herself of the retail shopping options offered therein and encountered architectural barriers to access in violation of the ADA. *Id.* Specifically, Payne personally encountered barriers regarding the fitting rooms and bathrooms located at the Subject Property. *Id.* at ¶ 9. Payne also contends that other violations exist and, therefore, an inspection is necessary to determine the full extent of the Subject Property's noncompliance. *See id.* at ¶ 10.

Seeking dismissal under Fed. R. Civ. P. 12(b)(1), Defendant contends that Payne's "general, vague, and conclusory allegations fail to meet constitutionally mandated standing requirements." *See* Mot. at 2.

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further

factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). When reviewing such a motion, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true.").

A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

As noted, Defendant challenges this Court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, specifically, for want of standing. *See generally* Mot. at 6-14. After thorough review of the Complaint's allegations, the Court concludes that Payne lacks standing.

Title III of the ADA, § 12182(a) sets forth the "[g]eneral rule" that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment" of the facilities or accommodations of "any place of public accommodation by any person who owns,

leases (or leases to), or operates a place of public accommodation." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) (quoting 42 U.S.C. § 12182(a)). Standing is a threshold jurisdictional question under Article III of the Constitution, which requires three elements: (1) "injury-in-fact"; (2) "a causal connection between the asserted injury-in-fact and the challenged action of the defendant"; and (3) "that the injury will be redressed by a favorable decision." *Id.* (quoting *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)); *see also Mingkid v. U.S. Atty. Gen.*, 468 F.3d 763, 768 (11th Cir. 2006) ("Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'"); *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) ("Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility."). Where a plaintiff seeks injunctive relief, he or she must also show "a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future" in order to demonstrate "injury-in-fact." *Houston*, 733 F.3d at 1328-29 (quoting *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1284 (11th Cir. 2001)). This future injury must be "real and immediate," not "merely conjectural or hypothetical." *Id.* at 1329 (quoting *Shotz*, 256 F.3d at 1081) (further citations omitted). "Therefore, to have standing, Plaintiff [Payne] must show past injury and a real and immediate threat of future injury." *Id.*

A challenge to the Court's subject matter jurisdiction takes one of two forms: a "facial attack" or a "factual attack." "A 'facial attack' on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "A 'factual attack,' on the other

hand, challenges the existence of subject matter jurisdiction based on matters outside the pleadings." *Kuhlman v. United States*, 822 F. Supp. 2d 1255, 1256-57 (M.D. Fla. 2011) (citing *Lawrence*, 919 F.2d at at 1529); *see Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony."). Further, "if an attack on subject matter jurisdiction also implicates an element of the cause of action, then the proper course of action for the district court is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quotation omitted).

Although Defendant does not articulate which form of attack it travels under, the objection appears to be a facial one as Defendant has not submitted any evidence to contradict the allegations in the Complaint. According to Defendant, Payne's Complaint is devoid of specific allegations which would establish injury-in-fact. *See generally* Mot. at 9-14.

Defendant argues that Payne's allegations are simply a "bare-bones, pro-forma narrative that only vaguely, generically and conclusorily alleges a present and future injury-in-fact." *Id.* at 9. As to Payne's standing in general, the allegations state that she "visited" the Subject Property, "encountered" the specifically-listed barriers to access, and otherwise had difficulty utilizing identified aspects of the bathrooms and dressing rooms. *See* Compl. at ¶¶ 5, 9. The Complaint goes further, specifically identifying the violative equipment and how it inhibited Payne's enjoyment and use of the Subject Property. *See id.* at ¶ 9. The Eleventh Circuit's recitation of the requirements for ADA-tester standing demonstrates that these allegations are sufficient:

> [T]he plain language of [ADA] § 12182(a) confers on Plaintiff [] a legal right to be free from discrimination on the basis of disability

5

> with respect to "the full and equal enjoyment of the . . . facilities" of the [Defendant's facility]. The invasion of [Plaintiff's] statutory right in § 12182(a) occurs when he encounters architectural barriers that discriminate against him on the basis of his disability. When he encounters those barriers, Plaintiff [] 'has suffered injury in precisely the form the statute was intended to guard against.'

*Houston*, 733 F.3d at 1332 (citing 42 U.S.C. §§ 12182(a), (b)(2)(A)(iv); *quoting cf. Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74 (1982)). Indeed, "[n]othing in [the ADA's] statutory language precludes standing for tester plaintiffs; if anything, "no individual" and "any person" [in 42 U.S.C. § 12182(a)] are broad terms that necessarily encompass testers." *Id.*

Contrary to Defendant's contentions, Payne's allegations of past injury are sufficiently specific to satisfy the standing requirement. Payne clearly sets forth the explicit ADA violations and how her engagement with the Subject Property was hindered by virtue of said violations. *See* Compl. at ¶ 9. Based on such allegations, the Complaint contains sufficient factual allegations regarding Payne's encounter with the Subject Property to exhibit a concrete injury-in-fact. *Cf. Campbell v. Grady's Bar, Inc.*, 2010 WL 2754328, at *2 (S.D. Fla. July 12, 2010) (dismissing complaint where it did not include facts from which the court could infer that the plaintiff could not enjoy the facilities and was "left to guess the manner in which Plaintiff suffered alleged discrimination under the ADA").[2] The more prescient question is whether Payne's allegations of future harm pass muster.

---

[2] Payne also makes reference to additional vague, and admittedly hypothetical, injuries. *See* Compl. at ¶ 10 ("The discriminatory violations described in paragraph 9 are not an exclusive list of Defendant's ADA violations. Plaintiff requires the inspection of Defendant's Property to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access."). These ambiguous and conclusory allegations, without more, would be insufficient to confer standing upon Payne. *See Campbell*, 2010 WL 2754328, at *2. However, their inclusion does not negate Payne's otherwise valid standing as it is created by her specific statements regarding Defendant's ADA violations. Nevertheless, Payne may not assert violations which she did not encounter. *See Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412,

As previously indicated, future harm must be "real and immediate," not "merely conjectural or hypothetical." *Houston*, 733 F.3d at 1329 (quoting *Shotz*, 256 F.3d at 1081). Immediacy, in the ADA context, is "elastic" and "means reasonably fixed and specific in time and not too far off." *Id.* at 1339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992); *Am. Civil Liberties Union of Florida, Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1193-94 (11th Cir. 2009)). Payne fails to meet her burden in this respect.

Payne simply states that she "desires to visit the [Subject] Property" and has "plans to return to the [Subject] Property." *See* Compl. at ¶¶ 5, 7. Although the requirement of future injury does not appear to be an arduous one to satisfy, see, e.g., *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 866 (11th Cir. 2014) (noting that future injury requirement "satisfied" where plaintiff alleged that she would utilize defendant's services "in the near future"), Payne's single assertion amounts to nothing more than a vague, conclusory allegation of future harm, devoid of factual enhancement. While Payne indicates that she regularly travels throughout Broward and Palm Beach Counties to shop, Compl. at ¶ 5, such allegations bear little relationship with the Subject Property. Payne makes no mention of specific, future plans to visit the Subject Property, nor does she include concrete facts which would allow for an inference of the same. *See, e.g, Houston*, 733 F.3d at 1339-40 (noting that visit to a supermarket along a "routine travel route" demonstrated a propensity to visit the area and an intention to continue to do so in the future). Courts addressing similar allegations have found them insufficient to demonstrate future injury-in-fact as required. *See, e.g., Tampa Bay Americans with Disabilities v. Nancy Markoe Gallery, Inc.*, 2007 WL 2066379, *2 (M.D. Fla. 2007) (finding that the plaintiff failed to demonstrate a real and immediate threat of future injury when she alleged that she had "the present intention to

---

416 (11th Cir. 2011) (rejecting argument "that the statutory language of the ADA allows for standing to bring an entire facility into compliance once one barrier is encountered").

return to the [facility] in the immediate future, at least three or four times during the next twelve months and thereafter, and probably more often"); *Access for the Disabled, Inc. v. Rosof*, 2005 WL 3556046, *2 (M.D. Fla. 2005) (holding that the plaintiff insufficiently pled the threat of a real future injury even though he alleged that he intended to return to the site "annually" and in the "near future" to verify compliance with ADA, noting that the plaintiff did not reside in the county where the facility was located and did not allege any regular contact with the facility).

Although Payne need not provide Defendant or the Court with a date-certain on which she plans to return to the Subject Property, the single nebulous allegation that she will visit the Subject Property in the future is inadequate. *Cf. Houston*, 733 F.3d at 1339-40 (finding standing where plaintiff's intentions were neither "unspecified 'some day' intentions," nor devoid of "concrete plans").[3]  Amendment is required. *See* Fed. R. Civ. P. 15(a)(2) (requiring district courts to give leave to amend "freely . . . when justice so requires").

### IV. CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that Defendant Gulfstream Goodwill Industries, Inc.'s Motion to Dismiss Complaint, **ECF No. [7]**, is **GRANTED**.  Plaintiff Denise Payne shall submit her Amended Complaint **on or before November 2, 2015**.  Failure to file the Amended Complaint by the aforementioned deadline will result in dismissal without further notice.

---

[3] The distinction between a factual and a facial challenge is of little consequence here.  The Complaint must contain sufficient allegations which allow for subject matter jurisdiction.  One such requirement where a plaintiff seeks injunctive relief is future injury-in-fact. *See Houtston* at 1334 ("[The] standing to seek the injunction requested depend[s] on whether [plaintiff] [i]s likely to suffer future injury.").  Absent future injury-in-fact, the Complaint is deficient.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 19th day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record